UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID LOUIS WHITEHEAD,

                          Plaintiff,

          -against-                                      21-CV-8669 (LTS)

PETE BUTTIGIEG, et al.,                                  ORDER

                          Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff David Louis Whitehead, who is proceeding *pro se,* has filed a "Motion for

Injunctive Relief For Reinstatement of Employment Position as a Lecturer with backpay at

Grambling State University AND TO UNSEAL FBI PROBE RELATING TO THIS CASE AND

OTHERS." (ECF 8.) He seeks this relief from Secretary of the Department of Transportation

("DOT") Pete Buttigieg based on Buttigieg's alleged "participat[ion] on twitter online social

media issuing a statement on Grambling State University allowing plaintiff to continue to teach

at the University as a Lecturer due to his alleged medical condition Schizophrenia." (*Id.* at 2.)

Plaintiff names as Defendants Buttigieg, the DOT, and three "John Does."

          To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer

irreparable harm and (2) either (a) a likelihood of success on the merits of his case or

(b) sufficiently serious questions going to the merits to make them a fair ground for litigation and

a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ.*

*Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted);

*Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary

and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries

the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's motion does not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for an order to show cause (ECF 8) is denied. The Court will issue an order addressing the claims raised in Plaintiff's complaint at a later date.

## CONCLUSION

Plaintiff's request for an order to show cause (ECF 8) is denied. All other motions filed in this action are denied as moot. (*See* ECF 2, 5.)

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 20, 2021
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge