UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID LOUIS WHITEHEAD,

                Plaintiff,

    -against-

PETE BUTTIGIEG, et al.,

                Defendants.

21-CV-8669 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. He also brings federal and state law claims regarding an alleged tweet posted by Pete Buttigieg, in October 2020. Plaintiff paid the filing fees to commence this action.

For the following reasons, the Court transfers the action to the United States District Court for the Western District of Louisiana.

## DISCUSSION

Under FOIA, a claim must be brought in "the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552(a)(4)(B). Plaintiff alleges that he resides in Bossier, Louisiana, and that on August 25, 2021, he requested records from the Department of Transportation (DOT), but the DOT has not yet provided him with the requested documents.[1] He also brings claims arising out of an alleged tweet that he alleges was posted in Indiana, but affecting his employment at Grambling State University, which is located in Grambling, Louisiana.

---

[1] Plaintiff attaches to the complaint a September 15, 2021, letter from the DOT, acknowledging receipt of Plaintiff's FOIA request and noting that the request will be addressed in the order that it is received. (ECF 1, at 31.)

Because Plaintiff does not reside in a county within this district, *see* 28 U.S.C. § 112, and it is unclear the location of any agency records associated with Plaintiff's FOIA request, the Court concludes that the district in which Plaintiff resides is a proper venue for Plaintiff's FOIA claim. Moreover, the Court finds that because Plaintiff's federal and state claims concern events that occurred in Grambling, Louisiana, the proper venue for those claims is the Western District of Louisiana. Thus, in the interests of justice, *see* 28 U.S.C. § 1406(a), the Court transfers the action to the United States District Court for the Western District of Louisiana.

The Court denies Plaintiff's motions (1) to withdraw his interlocutory appeal (ECF 12), without prejudice to his filing such motion in the United States Court of Appeals for the Second Circuit; (2) to allow process of service by email (ECF 13), because this action is being transferred to another district court; (3) to transfer the action to a district court in Indiana (ECF 14), because the Court has concluded that the Western District of Louisiana is a proper venue for Plaintiff's claims; and (4) to reconsider the Court's denial of his motion for injunctive relief and request for partial summary judgment (ECF 14), because the action is being transferred to another district.

## CONCLUSION

The Court transfers the action to the United States District Court for the Western District of Louisiana. *See* 28 U.S.C. § 1406(a).

The Court denies Plaintiff's motions (ECF 12-14) because this action is being transferred to the Western District of Louisiana.

The Court directs the Clerk of Court to terminate all motions filed in this action. This order closes this case.

2

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: January 31, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge